

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00365-CV

**WELLINGTON INSURANCE COMPANY** and Richard Barkkume,
Appellants

v.

Victor **BANUELOS**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2014CVF001922D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
    Rebeca C. Martinez, Justice
    Irene Rios, Justice

Delivered and Filed:  January 31, 2018

REVERSED AND RENDERED

In this permissive appeal, appellants Wellington Insurance Company and Richard Barkkume ask us to review the denial of their motion for summary judgment. The sole issue presented is whether an insured's breach of contract and extra-contractual claims survive a timely-paid appraisal award. Based on this court's decision in *Ortiz v. State Farm Lloyds*, No. 04-17-00252-CV, 2017 WL 5162315 (Tex. App.—San Antonio Nov. 8, 2017, pet. filed) (mem. op.), we hold they do not, and therefore the trial court erred in denying the motion for summary judgment.

We reverse the trial court's order denying the motion for summary judgment and render judgment granting Wellington's and Barkkume's motion for summary judgment.

## BACKGROUND

Victor Banuelos submitted a claim to Wellington for damages to his property resulting from a storm. Richard Barkkume of J&D Claim Services, Inc. inspected the property on behalf of Wellington and estimated that damage to the furnace vents, ventilation turbine, a furnace rain cap, and rear elevation totaled $902.40. Wellington denied coverage for the damage to the roof and shed. Barkkume recommended the claim be closed without payment because the loss did not exceed the homeowner insurance policy's deductible.

Banuelos then filed suit against Wellington and Barkkume for breach of contract, breach of the duty of good faith and fair dealing, violations of the prompt payment and unfair settlement provisions of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act. Thereafter, Wellington invoked the appraisal clause in Banuelos's policy. Through the appraisal process, it was determined that Banuelos suffered property damage, including damage to the roof and shed, in the amount of $10,797.62. After deducting for depreciation and the policy's deductible, the net appraisal award due was $8,946.70, which Wellington paid to Banuelos.

In response to Banuelos's pending lawsuit, Wellington and Barkkumme filed a traditional motion for summary judgment, arguing Wellington's timely payment of the appraisal award estopped Banuelos from recovering under his breach of contract and extra-contractual claims. The trial court denied the motion for summary judgment. Appellants also filed a motion for reconsideration in which they relied on this court's recent decision in *Garcia v. State Farm Lloyds*, 514 S.W.3d 257 (Tex. App.—San Antonio 2016, pet. denied), to urge the trial court to reconsider its denial of the motion for summary judgment. Wellington then asked the trial court to allow it

to take a permissive appeal. The trial court found there is substantial ground for differences of opinion as to the following controlling question of law:

> In light of the 4th Court of Appeals' opinion in *Garcia v. State Farm Lloyds*, 514 S.W.3d 257 (Tex. App.—San Antonio 2016, pet. denied), *Barbara Technologies Corp. v. State Farm Lloyds*, No. 04-16-00420-CV, 2017 WL 1423714 (Tex. App.— San Antonio Apr. 19, 2017, pet. filed), and the arguments and authorities set forth in Defendants' Motion for Summary Judgment, does the timely payment of an appraisal award in compliance with the insurance policy extinguish all of Plaintiff's claims including breach of contract and all extra-contractual claims.

The trial court found that an immediate appeal of the order denying the motion for summary judgment would materially advance the ultimate termination of the litigation, and granted permission to appeal. This court granted Wellington's and Barkkume's petition for permission to appeal the interlocutory order.

## ANALYSIS

In *Ortiz*, we recognized that under our decision in *Garcia*, an insurer's payment of an appraisal award entitles the insurer to summary judgment on an insured's contractual and extra-contractual claims. Ortiz, *2017* WL 5162315 at *1–2 (citing *Garcia*, 514 S.W.3d at 264–65, 276–79). We then analyzed the supreme court's decision in *USAA Tex. Lloyds Co. v. Menchaca*, 60 Tex. Sup. Ct. J. 672, 2017 WL 1311752 (Tex. Apr. 7, 2017 reh'g granted Dec. 15, 2017), to determine whether it required us to revisit our holding in *Garcia*. After analyzing *Menchaca*, we held: (1) it does not involve the payment of an appraisal award, and (2) nothing in the "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context" required us to revisit *Garcia* or to reverse the summary judgment in favor of the insurer. *Id.* at *2–3 (quoting *Menchaca*, 2017 WL 1311752, at *4). Thus, we held *Menchaca* did not require us to revisit our decision in *Garcia*. *See id.* We now hold our decision in *Ortiz* — holding that *Menchaca* does not change our prior holding in *Garcia* — controls this appeal and

compels us to conclude that the trial court erred in denying the motion for summary judgment. *See id.*

## CONCLUSION

Because Wellington timely paid the appraisal award in this case, and Banuelos has failed to assert any ground for setting aside the appraisal award or present evidence of an act so extreme that it caused him injury independent of his claim under the policy, we hold the trial court erred in denying the motion for summary judgment. *See Garcia*, 514 S.W.3d at 265, 278–79. Accordingly, we reverse the judgment of the trial court and render judgment granting Wellington's and Barkkume's motion for summary judgment.

Rebeca C. Martinez, Justice